UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------- X

ARMANDO BELLOSO-IBARRA,

        Petitioner,

    - against -

UNITED STATES OF AMERICA

        Respondent.

---------------------------------------------- X

**OPINION AND ORDER**

**09 Civ. 8216 (SAS)**

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.    INTRODUCTION

On July 16, 2009, Armando Belloso-Ibarra filed this *pro se* motion to vacate, set aside, or correct a sentence pursuant to section 2255 of title 28 of the United States Code ("2255 Motion"). On the same day, Belloso-Ibarra filed a "Motion for Leave to File [an] Amended Motion Pursuant to 28 U.S.C. § 2255" ("Motion to Amend"). On November 9, 2009, the Government submitted a letter brief in response to Belloso-Ibarra's Motion to Amend recommending that the Court summarily dismiss Belloso-Ibarra's 2255 Motion. In an Order dated November 16, 2009, I granted Belloso-Ibarra leave to amend his 2255 Motion by

December 31, 2009. Belloso-Ibarra failed to submit an amended 2255 Motion.

Therefore, I have reviewed Belloso-Ibarra's 2255 Motion as originally filed.[1]

Belloso-Ibarra attacks his conviction on three grounds: (1)

ineffective assistance of counsel;[2] (2) Fifth and Sixth Amendment violations

during sentencing; and (3) miscellaneous constitutional violations. For the

reasons stated bellow, Belloso-Ibarra's 2255 Motion is denied.

## II.    BACKGROUND

On September 28, 2004, the Government charged Belloso-Ibarra with

conspiring to distribute more than one kilogram of heroin. The indictment alleged

that on or about September 14, 2004, Belloso-Ibarra and his co-conspirators

"possessed approximately [two] kilograms of heroin in a bag in the vicinity of Van

---

[1]       Because "it plainly appears from the face of the [2255]
motion . . . and the prior proceedings in the case that [Belloso-Ibarra] is not
entitled to relief," I have not ordered the Government to file an answer to the
instant motion. *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings
for the United States District Courts; *Armienti v. United States*, 234 F.3d 820,
822-23 (2d Cir. 2000).

[2]       Belloso-Ibarra was represented by three different attorneys during
various stages of the proceedings. *See* Motion to Vacate Sentence Pursuant to 28
U.S.C. § 2255 ("2255 Motion") at 14. Philip L. Weinstein represented Belloso-
Ibarra at his preliminary hearing, Jesus J. Pena represented him at his arraignment,
and Alan B. Seidler represented him during his plea, his sentencing, and on
appeal. *See id.* Belloso-Ibarra does not specify which of his attorneys he believes
was ineffective, however his allegations appear to be directed at Seidler.

2

Cortlandt Parkway West and Orloff Avenue, Bronx, New York."[3]

On September 19, 2005, Belloso-Ibarra pled guilty to conspiring to distribute more than one kilogram of heroin.[4]  The Government described the charge against Belloso-Ibarra and noted that the "offense carries a maximum sentence of life imprisonment, with a mandatory minimum of ten years imprisonment."[5]  The Government indicated that it could prove its case "through the use of agents' testimony who would describe their surveillance, through recordings of [Belloso-Ibarra] and others speaking about the arrangements to distribute the heroin, [and] through the heroin itself seized at the time of [Belloso-Ibarra's] arrest and at the time of the arrest of his co-conspirators."[6]  Belloso-Ibarra stated that he understood that the sentencing range under the Sentencing Guidelines would not be determined until the Probation Department prepared a presentence report ("PSR"), that his sentence could be up to life in prison, and that the court was not bound by the Sentencing Guidelines range.[7]  Belloso-Ibarra

---

[3]      9/28/04 Indictment, 04-Cr-1079, Docket Entry No. 12.

[4]      Transcript of 9/19/05 Change of Plea Hearing ("Plea Tr.") at 3:22-4:1, 04-Cr-1079, Docket Entry No. 37.

[5]      *Id.* at 2:22-3:4.

[6]      *Id.* at 10:12-17.

[7]      *See id.* at 8:6-19.

3

described the crime in his own words, stating, "On September 14, I met with [a co-conspirator] in the Bronx. I was to receive . . . between one and two kilos of heroin which were to be distributed right then."[8]

The Probation Department prepared a PSR assigning Belloso-Ibarra an offense level of thirty-five and a criminal history category of one.[9] Based on these factors, his final Sentencing Guidelines range was 168 months to 210 months.[10] The PSR included a four-level upward adjustment to Belloso-Ibarra's offense level for being an organizer or leader of a conspiracy that involved five or more participants.[11] The characterization of Belloso-Ibarra as an organizer or leader of the conspiracy caused him to be ineligible for safety valve consideration.[12]

During a conference with the court on July 10, 2006 , and again in a letter to the court dated July 17, 2006, Alan Siedler, Belloso-Ibarra's counsel,

---

[8]     *Id.* at 10:25-11:7.

[9]     *See* Transcript of 8/31/06 Sentencing ("Sentencing Tr.") at 14:8-10, 04-Cr-1079, Docket Entry No. 75.

[10]    *See id.* at 12:12-14.

[11]    *See* Transcript of 7/10/06 Conference ("Conference Tr.") at 4:9-5:17, 04-Cr-1079, Docket Entry No. 66 .

[12]    *See id.* at 5:7-13.

4

requested a hearing regarding Belloso-Ibarra's role in the conspiracy.[13]  Siedler

argued that Belloso-Ibarra "was not the leader, organizer, manager, supervisor, etc.

of anyone" and therefore his sentencing guideline range should not reflect a role

enhancement and he should be eligible for safety valve relief.[14]

On August 15, 2006, Judge Richard C. Casey issued an Order

denying the request for a hearing regarding Belloso-Ibarra's role in the

conspiracy.[15]  In opposition to Siedler's request for a hearing, the Government had

submitted "two transcripts — one a telephone conversation between [Belloso-

Ibarra] and a confidential informant on September 8, 2004 and the other a

recorded meeting between[Belloso-Ibarra] and the same confidential informant

("CI") on September 13, 2004."[16]  Judge Casey determined that the transcripts

"plainly indicate[ed] that [Belloso-Ibarra's] role was that of an organizer or

leader" and cited to portions of the transcripts where Belloso-Ibarra states to the

CI "that he would 'organize everything' and would introduce the CI to 'someone

who's going to be in charge here when I'm gone,' as well as extensive discussions

---

[13]   *See id.* at 8:1-4, 10:21-25; 7/17/06 Letter from Alan Seidler to Hon. Richard C. Casey ("Seidler Letter"), 04-Cr-1079, Docket Entry No. 65.

[14]   *See* Conference Tr. at 2:20-3:4; Seidler Letter.

[15]   *See* 8/15/06 Order, 04-Cr-1079 Docket Entry No. 67.

[16]   *Id.*

between [Belloso-Ibarra] and the CI concerning logistics and costs."[17]

Belloso-Ibarra's sentencing took place on August 31, 2006.[18] At the

sentencing, Seidler renewed Belloso-Ibarra's objections to the PSR's

characterization of his role in the conspiracy.[19] Seidler also asked the court to

impose "the minimum statutory sentence of ten years" and argued that "a sentence

below the guidelines should be imposed" in part because, on the day of his arrest,

Belloso-Ibarra provided information to the arresting agents that led to the arrest of

two of his co-conspirators.[20] Belloso-Ibarra stated on his own behalf that he had

"committed a crime against the government of the United States, but not at the

level [indicated in the PSR]."[21]

Before stating his sentence, Judge Casey again addressed Belloso-

---

[17]    *Id.*

[18]    *See* Sentencing Tr. at 14:18-15:9.

[19]    *See id.* at 5:10-16.

[20]    *Id.* at 6:15-8:6.
        The Government acknowledged that Belloso-Ibarra provided some
assistance on the day of his arrest but asserted that subsequently, Belloso-Ibarra
was not candid with the Government and did not take responsibility for the full
extent of his actions. *See id.* at 10:25-12:11. Accordingly, the Government
argued that Belloso-Ibarra could "claim no real assistance to the United States."
*Id.* at 12:1-3.

[21]    *Id.* at 10:4-7.

Ibarra's objection to the four level enhancement of his offense level and reiterated his finding that Belloso-Ibarra was a leader or organizer in the conspiracy.[22]  Judge Casey specifically declined to reduce Belloso-Ibarra's sentence on the ground that he was eligible for safety valve relief or on the ground that he attempted to cooperate.[23]  Judge Casey stated his belief that a sentence within the Guideline range was appropriate and sentenced Belloso-Ibarra to 168 months imprisonment followed by five years of supervised release.[24]

Belloso-Ibarra appealed the sentence to the Second Circuit on the grounds that the District Court erred by increasing his offense level for his role as an organizer or leader of the conspiracy and by failing to conduct an evidentiary hearing on the issue.[25]  On May 7, 2008, the Second Circuit summarily affirmed the District Court's sentence.[26]  The Second Circuit stated that "[g]iven the weight of the documentary evidence that [Belloso-]Ibarra's conduct qualified for the four-level increase, the district court did not abuse its discretion when it concluded that

---

[22]     *See id.* at 13:7-19.

[23]     *See id.* at 13:20-14:6.

[24]     *See id.* at 14:11-20.

[25]     *See United States v. Castillo*, Nos. 06-0742-cr, 06-1875-cr, 06-2537-cr, 06-4342, 277 Fed. Appx. 77, at *2-3 (2d Cir. May 7, 2008).

[26]     *See id.* at *2-3.

7

there was no need for a hearing on the issue."[27]

## III.   APPLICABLE LAW

### A.   Section 2255

Section 2255 allows a convicted person held in federal custody to petition the sentencing court to vacate, set aside or correct a sentence. Specifically, "[s]ection 2255 provides that a prisoner sentenced by a federal court may move to have that sentence vacated, set aside or corrected if he or she claims that the court, in sentencing him or her, violated the Constitution or the laws of the United States, improperly exercised jurisdiction, or sentenced him or her beyond the maximum time authorized by law."[28]  A prisoner is entitled to a hearing on a motion filed under section 2255 "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[29]

A properly filed motion under section 2255 must allege that:  (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court was without jurisdiction to impose such a sentence; (3) the

---

[27]    *Id.* at *3.

[28]    *Thai v. United States*, 391 F.3d 491, 493 (2d Cir. 2005).

[29]    28 U.S.C. § 2255(b). *Accord Pham v. United States*, 317 F.3d 178, 184-85 (2d Cir. 2003).

sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.[30]  Collateral relief under section 2255 is available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'"[31]  A motion under section 2255 must also set forth "the facts supporting each ground" for relief.[32] Accordingly, "[a] federal habeas petition 'may be dismissed if it contains only vague or conclusory allegations.'"[33]

### B.    Ineffective Assistance of Counsel

A petitioner seeking to attack his sentence based on ineffective assistance of counsel must: (1) show that counsel's performance fell below "an objective standard of reasonableness" under "prevailing professional norms," and

---

[30]    *See* 28 U.S.C. § 2255.

[31]    *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

[32]    Rule 2(b)(2) of the Rules Governing Section 2255 Proceedings for the United States District Courts. *Accord LoCascio v. United States*, 395 F.3d 51, 57 (2d Cir. 2005) ("'The petitioner must set forth specific facts which he is in a position to establish by competent evidence.'" (quoting *Dalli v. United States*, 491 F.2d 758, 760 (2d Cir. 1974)) (alteration omitted)).

[33]    *Rolle v. West*, No. 05 Civ. 591, 2008 WL 3887662, at *18 (E.D.N.Y. Aug. 21, 2008) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75 (1977)).

(2) "affirmatively prove prejudice," *i.e.*, show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[34]  Only if both of these elements are satisfied can a defendant demonstrate that his counsel made errors "so serious" that "counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment."[35]

There is a strong presumption that counsel's conduct falls within the "wide range of reasonable professional assistance."[36]  In analyzing a claim that counsel's performance fell short of constitutional standards, "it is not sufficient for the habeas petitioner to show merely that counsel omitted a nonfrivolous argument."[37]  Accordingly, a petitioner cannot prevail on a claim of ineffective

---

[34]     *Strickland v. Washington*, 466 U.S. 668, 688, 693-94 (1984). *Accord Hernandez v. United States*, 202 F.3d 486, 488 (2d Cir. 2000) ("Under the *Strickland* standard, a petitioner must establish both (1) that counsel made errors so serious that defendant was deprived of reasonably competent representation and (2) that counsel's deficient performance prejudiced the defense.").

[35]     *Strickland*, 466 U.S. at 687.

[36]     *Clark v. Stinson*, 214 F.3d 315, 321 (2d Cir. 2000) (quotation marks omitted).

[37]     *Aparicio v. Artuz*, 269 F.3d 78, 95 (2d Cir. 2001) ("Counsel is not obliged to advance every nonfrivolous argument that could be made.") (citing *Evitts v. Lucey*, 469 U.S. 387, 394 (1985)). *Accord Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994) ("[I]t is not sufficient for the habeas petitioner to show merely that counsel omitted a nonfrivolous argument, for counsel does not have a

10

assistance simply because he disagrees with his counsel's strategy.[38]  Furthermore,

even if counsel's performance was objectively unreasonable and unprofessional,

the petitioner must still demonstrate prejudice by showing "'a reasonable

probability' that, but for the deficiency, 'the result of the proceeding would have

been different.'"[39]  "A reasonable probability is one sufficient to undermine

confidence in the outcome of the trial or appeal."[40]

## C.   Fifth and Sixth Amendment Rights During Sentencing

The due process clause of the Fifth Amendment to the United State

Constitution provides that "[n]o person shall . . . be deprived of life, liberty, or

property, without due process of law."  The Sixth Amendment to the United States

Constitution guarantees that "[i]n all criminal prosecutions, the accused shall

enjoy the right to a speedy and public trial, by an impartial jury . . . and to be

--------

duty to advance every nonfrivolous argument that could be made.").

[38]    See Jones v. Barnes, 463 U.S. 745, 751-52 (1983) (explaining that an indigent appellant does not have a constitutional right to compel appointed counsel to press every nonfrivolous point on appeal and recognizing "the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review").

[39]    Aparicio, 269 F.3d at 95 (quoting Strickland, 466 U.S. at 694).

[40]    Id.  Accord Lockhart v. Fretwell, 506 U.S. 364, 372 (1993) ("[T]he 'prejudice' component of the Strickland test . . . focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair.").

informed of the nature and cause of the accusation." In *Apprendi v. New Jersey*,

the Supreme Court reiterated that "'under the Due Process Clause of the Fifth

Amendment and the notice and jury trial guarantees of the Sixth Amendment, any

fact (other than prior conviction) that increases the maximum penalty for a crime

must be charged in an indictment, submitted to a jury, and proven beyond a

reasonable doubt.'"[41] However, it is permissible "for judges to exercise discretion

— taking into consideration various factors relating both to offense and offender

— in imposing a judgment within the range prescribed by statute."[42]

In *United States v. Booker*, the Supreme Court excised the provisions

in the Federal Sentencing Act that required judges to follow the Sentencing

Guidelines in order to bring the Act into compliance with the constitutional

requirements of *Apprendi* yet preserve Congress' intent that judges have broad

sentencing discretion.[43] After *Booker*, judges must use the Sentencing Guidelines,

---

[41]     530 U.S. 466, 476 (2000) (quoting *Jones v. United States*, 526 U.S.
227, 243 (1999)). *Accord United States v. Booker*, 543 U.S. 220, 244 (2005)
("Any fact (other than a prior conviction) which is necessary to support a sentence
exceeding the maximum authorized by the facts established by a plea of guilty or a
jury verdict must be admitted by the defendant or proved to a jury beyond a
reasonable doubt.").

[42]     *Apprendi*, 530 U.S. at 481.

[43]     *See Booker*, 543 U.S. at 265.

but only as a tool to assist in determining the appropriate sentence within the broader statutory range.[44]   Because the Sentencing Guidelines are advisory, there is no *Apprendi* violation if a judge uses his or her discretion to adjust the Sentencing Guidelines calculation based on facts relevant to sentencing that the judge finds by a preponderance of the evidence.[45]

## D.   Procedural Default

It is well-settled that, with the exception of claims alleging ineffective assistance of counsel,[46] federal prisoners may not employ section 2255 as a substitute for direct appeal.[47]   As the Supreme Court explained in *United States v. Frady*, "[o]nce the defendant's chance to appeal has been waived or exhausted . . . we are entitled to presume he stands fairly and finally convicted, especially when,

---

[44]    *See id.* at 259.

[45]    *See United States v. Vaughn*, 430 F.3d 518, 527 (2d Cir. 2005) ("[D]istrict courts may find facts relevant to sentencing by a preponderance of the evidence . . . as long as the judge does not impose (1) a sentence in the belief that the Guidelines are mandatory, (2) a sentence that exceeds the statutory maximum authorized by the jury verdict, or (3) a mandatory minimum sentence . . . not authorized by the verdict."); *United States v. Garcia*, 413 F.3d 201, 220 n.15 (2d Cir. 2005) ("Judicial authority to find facts relevant to sentencing by a preponderance of the evidence survives *Booker*.").

[46]    *See Massaro v. United States*, 538 U.S. 500, 509 (2003).

[47]    *See, e.g., United States v. Frady*, 456 U.S. 152, 165 (1982); *United States v. Addonizio*, 442 U.S. 178, 184-85 (1979).

as here, he already has had a fair opportunity to present his federal claims to a

federal forum."[48]  "Where a defendant has procedurally defaulted a claim by

failing to raise it on direct review, the claim may be raised on habeas review only

if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that

he is 'actually innocent.'"[49]  The Supreme Court has made clear that "cause" is

measured by a stringent standard of diligence.[50]  Furthermore, "the resulting

prejudice must create an '*actual* and substantial disadvantage, infecting [the

petitioner's] entire trial with error of constitutional dimensions.'"[51]

     If a defendant fails to establish "cause" and "prejudice" to excuse a

procedural default, he can obtain collateral review of his constitutional claim only

---

[48]    *Frady*, 456 U.S. at 164.

[49]    *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citations omitted). *Accord Massaro*, 538 U.S. at 504 ("Claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice."); *United States v. Warren*, 335 F.3d 76, 79 (2d Cir. 2003) ("If the defendant fails to raise a claim of error on direct appeal, habeas relief is generally available only upon a showing of cause and prejudice.").

[50]    *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (concluding that "cause" is "something *external* to the petitioner" that "cannot be fairly attributed to him" and that "[a]ttorney ignorance or inadvertence is not 'cause'" (emphasis in original)); *Murray* v. *Carrier*, 477 U.S. 478, 488 (1986) ("[C]ause for a procedural default on appeal ordinarily requires a showing of some external impediment preventing counsel from constructing or raising the claim.").

[51]    *Narvaez v. United States*, No. 95 CR 941, 2003 WL 21749638, at *2 (S.D.N.Y. July 29, 2003) (quoting *Frady*, 456 U.S. at 170) (emphasis in original).

by demonstrating that the constitutional error "has probably resulted in the conviction of one who is actually innocent."[52]  The Supreme Court has emphasized that "'actual innocence' means factual innocence, not mere legal insufficiency."[53]

## IV. DISCUSSION

### A. Belloso-Ibarra's Counsel Was Not Ineffective

Belloso-Ibarra argues his counsel was ineffective for eight reasons.[54] Belloso-Ibarra fails to assert any facts in support of the following five reasons and accordingly, they may be dismissed summarily:[55]  (1) counsel "failed to advise

---

[52]     *Bousley*, 523 U.S. at 623 (quotation marks and citation omitted).

[53]     *Id*. ("To establish actual innocence, petitioner must demonstrate that, 'in light of all the evidence,' 'it is more likely than not that no reasonable juror would have convicted him.'") (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)).

[54]     *See* 2255 Motion at 4-10.

[55]     *See Blackedge v. Allison*, 431 U.S. 63, 74 (1977) ("[C]onclusory allegations unsupported by specifics [are] subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."); *LoCascio*, 395 F.3d at 57 ("'Mere generalities . . . will not normally entitle the applicant to a hearing'" (quoting *Dalli*, 491 F.2d at 760) (alteration omitted)); *United States v. Aiello*, 814 F.2d 109, 113-14 (2d Cir. 1987) (stating that claims resting on "airy generalities" and "conclusory assertions" are insufficient to sustain a claim under 28 U.S.C. § 2255); *United States v. Malcolm*, 432 F.2d 809, 812 (2d Cir. 1970) (concluding that a district court may deny petitioner's section 2255 motion without a hearing "where the allegations are insufficient in law, undisputed, immaterial, vague, conclusory, palpably false, or patently frivolous"); *Matura v. United States*, 875 F. Supp. 235, 237-38 (S.D.N.Y. 1995) (finding that petitioner's conclusory assertions of ineffective assistance, without any allegations of fact to

15

"failed to investigate or present the strongest issues available . . . for [Belloso-Ibarra's] direct appeal;"[58] (4) counsel "failed to preserve viable issues for collateral review;"[59] and (5) counsel "labored under an actual conflict of interest[,] which adversely affected their performance during the pretrial, plea, sentencing, and direct appeal process[es]."[60]

Belloso-Ibarra also argues that his counsel was ineffective because counsel failed to "move for dismissal of the indictment" and "failed to challenge [Belloso-Ibarra's] sentence as violat[ing] . . . the Sixth Amendment."[61] The record does not reveal, nor does Belloso-Ibarra state, any grounds on which the indictment could have been dismissed. Similarly, Belloso-Ibarra fails to specify on what grounds he believes counsel should have argued his sentence violated the

---

[58]     2255 Motion at 6, 8. *See Sirotnikov v. United States*, No. 97 Civ. 3295, 1998 WL 770557, at *4 (S.D.N.Y. Nov. 2, 1998) ("Petitioner's naked assertion that his trial counsel 'failed to adequately perform pretrial research and investigation' does not establish ineffective assistance of counsel."). *See also Hurel Guerrero v. United States*, 186 F.3d 275, 282 (2d Cir. 1999) (finding no prejudice where, *inter alia*, petitioner did not describe the additional testimony he would have offered if called to testify at his *Fatico* hearing).

[59]     2255 Motion at 8.

[60]     *Id.* at 9. *See Martinez v. United States*, No. 08 Civ. 0172, 2008 WL 3361372, at *3 (S.D.N.Y. Aug. 11, 2008) (concluding that petitioner failed to satisfy his burden of showing that a conflict of interest adversely affected his representation when he failed to identify an actual conflict of interest).

[61]     2255 Motion at 5,8.

[Belloso-Ibarra] as to all facts and law relevant to his decision to plead guilty;"[56]

(2) counsel "failed to timely, properly, and effectively move for suppression of

evidence material to the conviction and/or sentence" and "failed to object to

unlawful, false and unreliable evidence used to determine [his] guideline

sentencing range and ultimate sentence;"[57] (3) counsel "failed to investigate or

present available evidence and legal authority material to the sentencing" and

---

support the assertions, fail "to establish that his counsel's performance was
deficient [and] . . . fail[] to overcome the presumption [under Strickland] that
counsel acted reasonably.").

[56]     2255 Motion at 4. *See Germosa v. United States*, No. 02 Civ. 817,
2003 WL 1057212, at *3, *5 (S.D.N.Y. Mar. 11, 2003) (holding that no
evidentiary hearing was necessary when section 2255 petitioner's allegations that
trial counsel's performance was unreasonable in connection with plea advice were
"wholly conclusory and unsupported by any independent evidence").

[57]     2255 Motion at 5, 6. *See United States v. Perez-Luna*, Nos. 06 Civ.
0786, 94 Cr. 709, 2008 WL 5170179, at *3 (S.D.N.Y. Dec. 10, 2008)
("Defendant's failure to specify the evidence that he claims should have been
suppressed is reason in itself to deny [Defendant's claim that counsel was
ineffective for failing to file a motion to suppress].").

          Assuming that the evidence Belloso-Ibarra is referring to is the
transcripts that the Government submitted to the district court in support of its
contention that Belloso-Ibarra was a leader or organizer of the conspiracy, the
record does not reveal, nor does Belloso-Ibarra suggest, any ground on which
these transcripts could have been suppressed. Accordingly, this claim must also
be dismissed on the ground that Belloso-Ibarra cannot show that his counsel acted
unreasonably by failing to move to suppress the transcripts. *See Aparicio*, 269
F.3d at 99 ("The failure to include a meritless argument does not fall outside the
wide range of professionally competent assistance to which Petitioner was
entitled." (quotation marks omitted)).

Sixth Amendment.  Assuming that Belloso-Ibarra believes his counsel should have raised the same Sixth Amendment objections that are raised in his 2255 Motion, any such objection would have been frivolous.[62]  Accordingly, Belloso-Ibarra's counsel was not ineffective for failing to move to dismiss the indictment and failing to raise Sixth Amendment challenges to Belloso-Ibarra's sentence.[63]

Last, Belloso-Ibarra argues that his counsel performed "objectively unreasonabl[y]" during sentencing by "fail[ing] to move for [an] appropriate downward departure or a downward variance."  This is factually inaccurate. Siedler repeatedly argued that Belloso-Ibarra was not an organizer or leader of the conspiracy so that Belloso-Ibarra would be eligible for safety valve relief under the Sentencing Guidelines.[64]  Siedler additionally argued that a non-guideline sentence should be imposed because Belloso-Ibarra provided substantial assistance to the Government at the time of his arrest.[65]  Accordingly, Belloso-Ibarra's contention that his counsel was ineffective for failing to request a downward departure is meritless.

---

[62]    *See infra* Part IV.B.

[63]    *See Aparicio*, 269 F.3d at 99.

[64]    *See* Conference Tr. at 2:20-3:4,6:3-12, 9:11-17; Seidler Letter.

[65]    *See* Sentencing Tr. 6:15-8:6.

**B.    Belloso-Ibarra's Fifth and Sixth Amendment Rights Were Not Violated During Sentencing**

Belloso-Ibarra argues that his Fifth Amendment right to due process and his Sixth Amendment rights to notice and a jury trial were violated because (1) his "statutory maximum sentence was increased based upon . . . facts not charged in [the] indictment, not submitted to a jury, and not proven beyond a reasonable doubt or admitted by [him] while [the judge] utiliz[ed] 'mandatory' guidelines and fail[ed] to consider or grant sufficient weight to the factors set forth in 18 U.S.C. § 3553(a)" and (2) "The [c]ourts lacked knowledge of the available range of sentencing discretion under applicable law due to changes in the law effected by *Apprendi v. New Jersey* . . . , *Blakely v. Washington* . . . , and *United States v. Booker* . . . ."[66] Because Belloso-Ibarra failed to raise these claims on appeal, they can only be raised now if he shows both cause and actual prejudice.[67] The only reason Belloso-Ibarra offers for his failure to raise these claims on appeal is that "the record was insufficient to raise [the] claims."[68] The meaning of this statement is unclear.  However, in the unlikely event that Belloso-Ibarra could

---

[66]    2255 Motion at 11-12.

[67]    Belloso-Ibarra never suggests that he is factually innocent.

[68]    2255 Motion at 13.

show cause,[69] his claims must still be denied because they are factually inaccurate and therefore insufficient to show prejudice.

Belloso-Ibarra appears to argue that his sentence violates *Apprendi* because the district court considered the Sentencing Guidelines mandatory rather than advisory and used Belloso-Ibarra's status as a leader or organizer of the conspiracy — a fact that was neither found by a jury nor admitted by Belloso-Ibarra — to increase his sentence beyond the maximum authorized by his guilty plea. This argument is meritless. The record clearly demonstrates Judge Casey's familiarity with *Booker* and his understanding that the Sentencing Guidelines were advisory rather than mandatory.[70] Furthermore, Judge Casey's sentence of 168 months imprisonment did not exceed the maximum sentence of life imprisonment that was statutorily authorized based on the facts Belloso-Ibarra admitted during his plea allocution. Accordingly, Judge Casey did not violate Belloso-Ibarra's Fifth or Sixth Amendment rights — he properly exercised his discretion to

---

[69]     *See McCleskey v. Zant*, 499 U.S. 467, 493 (1991) (in procedural default cases, the cause standard requires the petitioner to show that "some objective factor external to the defense" impeded counsel's efforts to raise the claim).

[70]     During the change of plea hearing, Judge Casey specifically asked Belloso-Ibarra, "Do you understand that the court is not bound . . . by the guidelines and may depart from the sentencing guidelines range?" Plea Tr. at 8:16-18.

consider Belloso-Ibarra's role in the conspiracy to be a factor relevant to sentencing.

### C.    Belloso-Ibarra Does Not Sufficiently Allege Any Other Constitutional Violation

Belloso-Ibarra argues that in addition to the constitutional violations previously stated, his conviction and sentence violate his rights to (1) freedom of speech; (2) keep and bear arms; (3) petition; (4) be free from unreasonable searches and seizures; (5) confront witnesses; (6) present a defense; (7) compulsory process; and (8) be free from cruel and unusual punishment.[71] Belloso-Ibarra does not elaborate on how his conviction or sentence violates any of these constitutional rights and no such violations are evident from the record. Accordingly, these claims are insufficient to require a hearing on Belloso-Ibarra's 2255 Motion.[72]

## V.    CONCLUSION

For the foregoing reasons Belloso-Ibarra's 2255 Motion is denied. The Court must decide whether to grant a certificate of appealability.[73]  A

---

[71]    *See* 2255 Motion at 12-13.

[72]    *See supra* note 56.

[73]    *See* 28 U.S.C. § 2253(c)(1)(B).

21

certificate of appealability will issue when the petitioner makes a "substantial showing of the denial of a constitutional right."[74]  A "substantial showing" does not require a petitioner to demonstrate that he would prevail on the merits, but merely that reasonable jurists could debate whether "the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"[75]  Belloso-Ibarra has made no such showing.  Accordingly, I decline to grant a certificate of appealability.  The Clerk of the Court is Directed to close this motion (Docket No. 1) and this case (09 Civ. 8216).

                                                           SO ORDERED:


                                                           Shira A. Scheindlin
                                                           U.S.D.J.


Dated:       New York, New York
             February 8, 2010

---

[74]     *Id.* § 2253(c)(2).

[75]     *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). *Accord Middleton v. Attorneys Gen. of the States of New York and Pennsylvania*, 396 F.3d 207, 209 (2d Cir. 2005) (denying certificate of appealability where reasonable jurists could not debate whether the district court's dismissal of the petition was correct).

## - Appearances -

**Petitioner (Pro Se):**

Armando Belloso-Ibarra
# 52851-054
FCI Loretto
P.O. Box 1000
Loretto, PA 15940

**For Respondent:**

Adam S. Hickey
Assistant United States Attorney
United States Attorney's Office
Southern District of New York
One Saint Andrew's Plaza
New York, NY 10007
(212) 637-1039